Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200-197
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com

(Continued on next page)

Attorneys for Plaintiffs Ana Avila, Alma Avila Doroteo and the proposed class

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA AVILA, an individual California resident, ALMA AVILA DOROTEO, an individual California resident, and the proposed class,<br><br>Plaintiff<br><br>v.<br><br>TRINET HR XI, INC., dba HAMPTON INN NORCO, a Delaware corporation, MAGNOLIA HOSPITALITY GROUP, INC., A California Corporation, MAGNOLIA HOSPITALITY, LLC, a Nevada company of unknown form, and DOES 1 THROUGH 10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1. **FAILURE TO PAY MINIMUM WAGES**<br>2. **FAILURE TO PAY OVERTIME WAGES**<br>3. **VIOLATION OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 201,** *et seq.***)**<br>4. **FAILURE TO PROVIDE REST BREAKS**<br>5. **FAILURE TO PROVIDE MEAL PERIODS**<br>6. **WAGE STATEMENT VIOLATIONS**<br>7. **UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200-17208)**<br>8. **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT (Labor Code Section 2698** *et seq.***)**<br>9. **INJUNCTION**<br>10. **FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES**<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT

1 Jose Garay (SBN 200494)
2 Jose Garay, APLC
  25255 Cabot Road, Suite 219
3 Laguna Hills, CA 92653
4 (949) 208-3400
  jose@garaylaw.com
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT

Plaintiffs Ana Avila and Alma Avila Doroteo (hereinafter "Plaintiffs") on behalf of themselves and the proposed class, bring the following causes of action against Defendants.

## I.   THE PARTIES

### A.   Plaintiff

1. Plaintiff Ana Avila is a California resident. At all relevant times within the liability period, Plaintiff was employed by Defendants.

2. Plaintiff Alma Avila Doroteo is a California resident. At all relevant times within the liability period, Plaintiff was employed by Defendants.

### B.   Defendants

3. Defendant Trinet HR XI, Inc. dba Hampton Inn Norco, a Delaware corporation, owns and operates the Hampton Inn, in Norco, California, and regularly and systematically does business in Los Angeles County.

4. Defendant Magnolia Hospitality Group, Inc., a California Corporation, owns and operates the Hampton Inn, in Norco, California, and regularly and systematically does business in Los Angeles County.

5. Defendant Magnolia Hospitality, LLC, a Nevada company of unknown form, owns and operates the Hampton Inn, in Norco, California, and regularly and systematically does business in Los Angeles County.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sues such Defendant by such fictitious names. Plaintiffs are informed and believe, and based thereon alleges, that Defendants designated herein as a DOE are legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this complaint to reflect the true names and capacities of the

Defendants designated hereinafter as DOES when such identities become known.

7. Defendant Trinet HR XI, Inc. dba Hampton Inn Norco, Magnolia Hospitality Group, Inc., and Defendant Magnolia Hospitality, LLC are hereinafter collectively referred to as "Defendants".

## II. GENERAL ALLEGATIONS

8. Plaintiff Doroteo worked as a non-exempt housekeeper for Defendants from April 15, 2015 to January 2, 2019.

9. Plaintiff Avila currently works as a non-exempt housekeeper for Defendants.

10. Plaintiffs allege that Defendants engaged and continue to engage in uniform and unlawful conduct resulting in violation of Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 1194, and 2750.5.

11. Plaintiffs allege Defendants failed to pay Plaintiffs and the proposed class all wages owed, including overtime, and failed to reimburse Plaintiffs for business expenses, and mileage.

12. Plaintiffs allege Plaintiffs and the class they seek to represent are entitled to regular pay, plus overtime pay for each overtime hour worked.

13. Plaintiffs allege that Defendants' corporate policies and procedures are such that Plaintiff and the class she seeks to represent were not able to, or permitted to, take timely, interrupted and uncontrolled rest and meal breaks.

14. Plaintiffs allege Defendants' maintained a company-wide policy and practice to essentially not allow its employees and opportunity to be able to take timely breaks or lunch periods pursuant to the Labor Code, Industrial Welfare Commission Wage Order 5-2001, and other applicable Wage Orders.

15. Plaintiffs allege that Defendants knew or should have known that Defendants' company-wide policies, or lack thereof, and procedures prevented

4

COMPLAINT

Defendants' employees from taking timely, uninterrupted and uncontrolled rest and meal breaks.

16. Plaintiffs allege restitution is owed to Plaintiffs and the proposed class for unpaid wages for late, unprovided and interrupted meal and rest periods.

17. Plaintiffs allege they and the proposed class were not paid legal and proper overtime wages in violation of California Labor Code Section 510, and the FLSA.

18. Defendants' pay policies as alleged herein resulted in a failure to pay all wages due for compensable work time while Plaintiffs and the proposed class remained subject to their employers' control. Plaintiffs allege this policy and practice violated California Labor Code sections 200-202, 510 and 1194, and California Industrial Wage Commission (IWC) Wage Order 4-2001.

19. As a result of the Defendants' unlawful pay policies as alleged herein, Defendants failed to provide accurate, itemized wage statements to Plaintiff and the proposed class as required by Labor Code section 226.

20. On April 26, 2020, Plaintiff Avila filed a Private Attorney General Act (PAGA) complaint with California's Labor Workforce Development Agency (LWDA).

### III. CLASS ALLEGATIONS

21. Plaintiffs seek to represent the following class pursuant to Federal Rule of Civil Procedure Rule 23:

> **All persons who have worked for Defendants in California as a non-exempt hotel worker in the last 4 years and continuing.**

Plaintiffs reserve the right to amend this class definition.

22. ***Numerosity.*** The members of the proposed class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe, and on that basis alleges, that the proposed class contains hundreds of thousands of

members. The precise number of proposed class members is unknown to Plaintiffs. The true number of the proposed class is known by the Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

23. **_Existence and Predominance of Common Questions of Law and Fact._** Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual proposed class members. There are common legal and factual questions regarding, among other things, whether Plaintiffs and the class they seek to represent are owed unpaid wages and unpaid overtime, and how much Defendants owe Plaintiffs and the proposed class.

24. **_Typicality._** Plaintiffs' claims are typical of the claims of the proposed class.

25. **_Adequacy of Representation._** Plaintiffs will fairly and adequately protect the interests of the members of the proposed class. Plaintiffs have retained counsel experienced in complex class action litigation. Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the proposed class.

26. **_Superiority._** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual proposed class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant. It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if proposed class members could afford such individualized litigation, the court system could not. Individualized litigation

would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

### III.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wage (Labor Code §§ 1194, 1197 and 1197.1)**

27.     Plaintiffs reallege and incorporates by reference each of the foregoing paragraphs as if set forth herein.

28.     Defendants illegally failed to pay wages and overtime wages owed, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Order and California Code of regulations, Title 8, section 11160(3).

29.     Plaintiffs all actual, consequential and incidental losses and damages, according to proof, and also, penalties of $100.00 for the initial failure to timely pay minimum wages and $250.00 for each subsequent failure to pay minimum wages pursuant to California Labor Code section 1197.1, in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code section 1194.2 and all unpaid wages and civil penalties pursuant to California Labor Code section 2699(g) and (g) and 558 in an amount of one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages
### (Labor Code §§ 510, 1194, 1198, and 1199, IWC Wage Orders, and Related Violations)

30. Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs as if set forth herein.

31. Defendants illegally failed to pay overtime wages to Plaintiffs and the proposed class, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Orders, and California Code of regulations, Title 8, section 11160(3).

32. California law requires employers to pay overtime compensation to all non-exempt employees for all hours worked over 8 in a day or 40 per week for overtime and to pay double time or shifts over twelve hours.

33. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of compensation for overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

34. Plaintiffs allege Defendants are liable to Plaintiffs and the proposed class for actual wage and hour damages, statutory damages, and attorneys' fees and costs.

# THIRD CAUSE OF ACTION

## Violation of the Fair Labor Standards Act
## ("FLSA" 29 U.S.C. § 201, *et seq*.)

35.  Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

36.  Plaintiffs worked for Defendants without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a), which provides: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

37.  Plaintiffs also allege Defendants required Plaintiffs, as part of their employment, to work without additional compensation, such as overtime pay in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1) provides: "Except as otherwise provided in this section, no employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed."

38.  Plaintiffs allege Defendants required Plaintiffs, as part of their employment, to work without compensation for all hours worked, to work beyond forty hours per week without the payment of overtime compensation therefore and/or to work at a wage less than the minimum wage, pursuant to, inter alia, 29 U.S.C. §§ 206 and 207(a)(1).

39.  Plaintiffs' FLSA claims are brought not only for overtime violations, unpaid off-the-clock hour and minimum wage violations.  In the performance of

his duties for Defendants, Plaintiffs and the proposed class often did work over forty hours per week, yet did not receive straight or overtime compensation for the work, as required by the FLSA. The precise number of unpaid overtime hours will be proven at trial.

40. Plaintiffs allege Defendants' violations of the FLSA were willful and are ongoing. As a result of the foregoing, Plaintiffs seek judgment against Defendants for unpaid wages, including overtime wages owed by Defendants pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### Failure to Provide Rest Breaks
### (Labor Code § 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050)

32. Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

33. By failing to provide rest periods every four (4) hours or major fraction thereof worked per workday by non-exempt employees, and failing to provide one (1) hour's pay in lieu thereof, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC Wage Orders at section 12.

41. By failing to keep adequate time records as required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants have injured Plaintiffs and made it difficult to calculate the unpaid rest and meal

period compensation due Plaintiffs. On information and belief, Plaintiffs allege Defendants' failure to maintain accurate time records for its workers was willful.

42. As a result of the unlawful acts of Defendants, Plaintiffs and the proposed class have been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys fees and costs, under Labor Code sections 201,202, 203, 218.5, 226, 226.7, 1194 and 1199, and the applicable IWC Wage Orders.

43. Plaintiffs allege Defendants are liable to Plaintiffs and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### Failure to Provide Meal Periods
### (Labor Code § 226.7 and 512)

44. Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

45. California law, as set forth in relevant part by the Industrial Welfare Commission Wage Orders at section (11), provides as follows:

> i. No employer shall employ any person for a work period or more than five (5) hours without a meal period of not less than 30 minutes…

11
COMPLAINT

       ii. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

46. Labor Code § 226.7 requires payment of one (1) hour of pay in lieu of meal periods not provided by the employer. Throughout the period applicable to this cause of action, Defendants consistently failed to allow and provide meal periods to Plaintiffs and the proposed class, required by California law.

47. Plaintiffs allege Defendants required Plaintiffs to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission.

48. On information and belief, Plaintiffs allege they did not voluntarily or willfully waive rest and meal periods and was regularly required to work through rest and meal periods. Defendants failed to meet the requirements for lawful on-duty rest and meal periods and instead instituted a course of conduct that created a working environment in which non-exempt employees were discouraged from, or not able to take rest and meal periods. Plaintiffs allege that any written waivers were obtained improperly and without full disclosure, and are thus involuntary and without consent.

49. Plaintiffs allege Defendants are liable to Plaintiffs and the proposed

12
COMPLAINT

class for actual damages, statutory damages, and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

**Wage Statements Violations**
**(Labor Code §226(a))**

50. Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

51. Section 226(a) of the California Labor Code requires Defendants to itemize all wage statements deductions from payment of wages and to accurately report total hours worked by Plaintiffs and the proposed class. Plaintiffs alleges Defendant has knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiffs.

52. California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: Every employer shall at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units worked or earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates for the period paid, (7) partial social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

53. As a consequence of Defendants' knowing and intentional failure to

comply with Labor Code section 226(a), Plaintiffs and the proposed class are entitled to actual damages or penalties not to exceed $4,000.00 pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### Violations of the Unfair Competition Law
### (Bus. & Prof. Code, §§ 17200-17208)

54. Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

55. Defendants' policy and practices alleged herein resulted in the Defendants' failure to pay for all working hours and failure to pay overtime, as mandated by law. Plaintiffs allege Defendants have violated IWC Wage Orders and California Labor Code by engaging in the violations alleged herein, which constitute unlawful activity prohibited by Business and Professions Code section 17200 *et seq.*

56. The actions of Defendants in failing to pay Plaintiffs and the proposed class in a lawful manner constitutes false, unfair, fraudulent and deceptive business practices within the meaning of Business and Professions Code, sections 17200, *et. seq.*

57. Plaintiffs are entitled to an injunction, specific performance under

Business and Professions Code, section 17202, and other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law.

58.     As a result of Defendants unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiffs and the proposed class. Defendants should be enjoined from this activity, caused to specifically perform their obligations, and made to disgorge these ill-gotten gains, and restore to Plaintiffs and the proposed class wrongfully withheld wages and other moneys pursuant to Business and Professions Code, sections 17200 *et seq*.  Plaintiffs are informed and believe, and on that basis allege, that Defendants are unjustly enriched through their failure to provide wages and overtime wages to Plaintiffs and the proposed class.

59.     Plaintiffs and the proposed class have been prejudiced by Defendants' unfair trade practices.

60.     As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs and the proposed class are entitled to equitable and injunctive relief, full restitution, specific performance, and disgorgement.

61.     The illegal conduct alleged herein is continuing and there is no

indication that Defendants will discontinue such activity in the future. Plaintiffs alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, Defendants will continue to fail to pay wages owed.

62. Plaintiffs request that the court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to pay all wages owed.

## EIGHTH CAUSE OF ACTION

**Violation of the Private Attorneys General Act
(Labor Code §§ 2698)**

63. Plaintiff Ana Avila realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

64. As a result of the acts alleged above, Plaintiff Ana Avila seeks penalties under all Labor Code Sections, including but not limited to, 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802.

65. For each such violation, Plaintiff Ana Avila is entitled to penalties in an amount to be shown at the time of trial subject to the following formula.

   1. For $100 for the initial violation per pay period.
   2. For $200 for each subsequent violation per pay period.

66. These PAGA penalties shall be allocated 75% to the Labor and Workforce Development Agency ("LWDA") and 25% to the affected employee.

67. Plaintiff filed a PAGA complaint online with the LDWA on or about

COMPLAINT

April 26, 2020, and served Defendants by certified mail as prescribed by the Labor Code.  Plaintiff Ana Avila seeks penalties as though the LWDA decided not to investigate pursuant to Labor Code §2699.3 (a)(2)(A).

68. Defendants have violated and continues to violate Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802 as it pertains to Plaintiff Ana Avila.

## NINTH CAUSE OF ACTION

### Injunction

69. Plaintiffs incorporate all previous paragraphs of this complaint as though fully set forth herein.

70. Plaintiffs and the proposed class see injunctive relief to prohibit the continuing unlawful acts alleged herein.

71. Defendants' practices caused Plaintiffs and the proposed class to suffer damages, and continue to cause wage and hour damages, fees and costs to members of the proposed class who currently still work for Defendants.

72. Plaintiffs and the proposed class seek to enjoin Defendants from continuing their ongoing wage and hour violations at Defendants' place of business.

73. Plaintiffs and the proposed class do not have a plain, speedy, and

adequate remedy in the ordinary course of law, other than the requested injunctive relief.

## TENTH CAUSE OF ACTION
### Failure to Pay Wages of Terminated Employees
### (Labor Code § 201-203)

74. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

75. As of the filing of the Complaint, Defendant failed to timely pay wages due, and Plaintiff is owed penalties pursuant to Labor Code sections 201, 202, 203.

76. Defendant failed to pay Plaintiff said employees, without abatement, all wages owed to Plaintiff (as defined by applicable California law) within the time required by applicable California law. Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

77. Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee. Because none of said employees were ever paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this Complaint, each of said employees is entitled to thirty days' wages.

78. Plaintiff alleges Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

# IV.
# **PRAYER FOR RELIEF**

Plaintiffs pray as follows:

1. That the Court determine that the failure of the Defendants to pay compensation to the Plaintiffs are adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

2. That the Defendants are ordered to pay and judgment be entered for wages for Plaintiffs according to proof;

3. That the Defendants are ordered to pay and judgment be entered for overtime wages, to Plaintiffs according to proof;

4. That the Defendants are ordered to pay and judgment be entered for liquidated damages under Labor Code section 1194.2 to Plaintiffs according to proof:

5. That the Defendants are ordered to pay and judgment be entered for Labor Code, section 226 penalties to Plaintiffs according to proof;

6. That the Defendants are ordered to pay and judgment be entered for Labor Code, section 226(f) penalties to Plaintiffs according to proof;

7. That the Defendants are ordered to pay and judgment be entered for Labor Code, section 203 penalties to Plaintiffs according to proof;

8. That the Defendants are found to have engaged in unfair competition in violation of Business and Professions Code, section 17200;

9. That the Defendants are ordered and enjoined to pay restitution to Plaintiff due to the Defendants' unlawful and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages according to proof, and interest thereon pursuant to Business and Professions Code, sections 17203 and 17204;

10. That Defendants are enjoined from further acts of unfair competition

and specifically from failing to pay compensation to Plaintiff;

11. That Plaintiffs are awarded Attorneys' fees and costs pursuant to statute, including but not limited to Labor Code, section 1194 and Code of Civil Procedure, section 1021.5;

12. Otherwise determine the appropriate remedy to compensate Plaintiffs, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate;

13. Prejudgment Interest; and

14. Any other relief this court deems proper.

**DATED:** May 8, 2020    **HAMNER LAW OFFICES, APLC**

_____
Christopher J. Hamner
Attorney for Plaintiffs

COMPLAINT